UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
WERCO-INT,

                       Plaintiff,

                                          ORDER
   -against-                           17-CV-0839 (DLI) (SMG)

OCEAN QUEENS INTERNATIONAL, INC.,
and HEND ELHAKIM,

                       Defendants.
-----------------------------------------------------------------x

GOLD, STEVEN M., U.S. Magistrate Judge:

       On October 24, 2017, plaintiff filed a motion for default judgment against defendants Ocean Queens International, Inc. and Hend Elhakim. Docket Entry 8. By Order dated October 24, 2017, the Honorable Dora L. Irizarry referred plaintiff's motion to me to conduct an inquest, if necessary, as to damages and attorneys' fees, and to issue a report and recommendation. After reviewing the motion, I issued an order directing plaintiff to submit a memorandum of law in support of its motion, setting forth in detail the damages sought under each cause of action and the legal and factual bases for each. *See* Order dated October 25, 2017, Docket Entry 9. In addition, I directed plaintiff to submit the contract at issue in this case, and explain both the contract's subject matter and the circumstances of its formation. *See id.*

       The Court has reviewed plaintiff's submissions in response to that Order, which raise several additional questions. Accordingly, in the manner and to the extent described herein, plaintiff is directed to further clarify and supplement its motion. Report and Recommendation on plaintiff's pending motion is reserved pending receipt of plaintiff's supplemental filings.

A. *Requirement of Complete Diversity*

Plaintiff, a corporation with its principal place of business in Lebanon, brings this diversity action against defendants Ocean Queens International, Inc., a New York corporation, and Hend Elhakim, an individual. Complaint ("Compl.") ¶¶ 6-10, Docket Entry 1. Plaintiff's complaint alleges that defendant Elhakim is an officer of defendant Ocean Queens International, Inc. Compl. ¶¶ 8-10. However, neither the complaint nor plaintiff's subsequent filings allege where Elhakim is domiciled.

Federal courts have limited jurisdiction which, as relevant here, requires that the parties to an action be completely diverse. *See* 28 U.S.C. § 1332. Because "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists," defendant's default cannot overcome this jurisdictional flaw. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Nevertheless, "when the basis for jurisdiction is not properly alleged, leave to correct a technical defect should be freely given." *Wright v. Musanti*, 887 F.3d 577, 585 (2d Cir. 2018) (citing *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997)). Moreover, if the record ultimately developed demonstrates that the Court has subject matter jurisdiction, the Court may properly deem the pleading to have been constructively amended to reflect that fact. *Id.* at 585-86 ("The court . . . found that there was an adequate basis upon which to exercise diversity jurisdiction, . . . [and deemed] the complaint constructively amended. Although the district court could have allowed [plaintiff] to amend his complaint . . . we see no reason to find error where the facts of citizenship were clear and the continuity of subject matter jurisdiction was never in question."). Accordingly, plaintiff shall submit documentary evidence sufficient to satisfy the Court that complete diversity exists in this case or, in the alternative, voluntarily dismiss its claims against defendant Elhakim.

B. *Plaintiff's Claim for Breach of Contract*

In the motion presently before the Court, plaintiff presses its claim for breach of contract. *See* Plaintiff's Memorandum of Law in Support of Motion for Default Judgment at 5 ("Pl's. Mem."), Docket Entry 10. "To state a claim for breach of contract under New York law, 'the complaint must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages.'" *Orlander v. Staples, Inc.*, 802 F.3d 289, 294 (2d Cir. 2015) (quoting *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011)).

The document plaintiff describes as the parties' contract does not describe a relationship through which defendant agreed to purchase goods from plaintiff. Titled a "Sales Agency Agreement," the document says both that "[defendant] will act as an exclusive sales agent of the products for the seller," and later that "[n]othing contained in this agreement shall be deemed to create any association, partnership, joint venture, or relationship of principal and agent . . . between the two parties hereto." *See* Sales Agency Agreement, Pl's. Mem. Ex. B, Docket Entry 10-2. The agreement contains no terms governing an exchange of goods. Moreover, despite indicating that the agreement was struck "in consideration of the recitals, the mutual covenants hereinafter set forth, and for other good and valuable consideration . . . the parties hereto hereby agree," the purported contract describes no agreement to provide the defendants with the products for which they agreed to be the exclusive agent. *Id.*

Plaintiff has also submitted a record of an email exchange between an individual named Emile Riachy and defendant Elhakim in which the latter agreed, as of January 9, 2015, that an unpaid balance existed in the amount plaintiff describes. *See* Record of Email Correspondence, Pl's. Mem. Ex. H at 8, Docket Entry 10-8. The exchange however, does not contain any discussion of the terms of a contract between the parties and only discusses the goods to be sent

and balances owed in general terms. *Id.* Moreover, other than noting that the parties engaged in several email conversations and contending that those conversations are evidence of "the contract balance and the course of dealing between the parties," plaintiff has not explained the identity of Emile Riachy, or how that individual is authorized to form contracts on plaintiff's behalf. Pl's. Mem. at 3.

Accordingly, plaintiff shall clarify the terms of the contract by which it claims defendants came to owe plaintiff damages. Specifically, plaintiff should explain whether and by what means defendant agreed to purchase its goods. Plaintiff shall also explain, and support with appropriate documentary evidence, the terms of the contract relating to the timing and method by which defendant committed to making payments to plaintiff.

C. *Total Damages to Which Plaintiff Claims It Is Entitled*

In support of its calculation of damages, plaintiff has submitted three documents, each titled a "Selling Invoice." *See* Selling Invoices, Pl's. Mem. Ex. C, Docket Entry 10-3. The first of the invoices reflects a pre-existing balance of $13,763.00. *Id.* at 2. The sum of that balance and the additional amounts listed in the invoices plaintiff submitted equals the $163,297.55 total that plaintiff describes. *See id.* Beyond including it in the sum sought however, plaintiff has not explained whether it claims to be entitled to the pre-existing balance in addition to the amounts listed in the filed invoices or, if so, why.

Relatedly, plaintiff has also submitted receipts for two wire transfers defendants made against that balance. Wire Transfer Receipts, Pl's. Mem. Ex. D, Docket Entry 10-4. In its complaint and in connection with the present motion, plaintiff contended that defendant made payments of $20,000 each on or about May 6, 2015 and August 21, 2015. *See* Compl. ¶¶ 14-15; Affirmation of Rimonda Dalloul ¶¶ 7-8, Docket Entry 8. The wire transfer receipts plaintiff has submitted however, reflect requested dates of April 24, 2014 and May 4, 2015, and represent a

total of $30,000 paid, rather than the $40,000 the plaintiff described several times. The Court is unable to assess whether this apparent discrepancy is the result of an arithmetic error or an incomplete submission. Plaintiff shall submit a detailed explanation of the basis on which it claims it is entitled to the exact sum it presently seeks, together with appropriate documentary evidence consistent with that explanation.

## CONCLUSION

As detailed herein, the record now developed is insufficient for the Court to render a Report and Recommendation on plaintiff's motion. Plaintiff shall submit the clarifications and supporting documentary evidence discussed in this Order no later than July 6, 2018. Specifically, plaintiff shall:

i. indicate whether complete diversity exists in this case and, if so, submit some evidence of the same;

ii. explain the terms of the contract it describes, and clarify how the documentary evidence currently before the Court demonstrates those terms; or, in the alternative, plaintiff may submit additional documentary evidence demonstrating the same;

iii. explain the source of the pre-existing balance reflected on the first selling invoice submitted to the Court; and

iv. clarify why the amounts reflected in its wire transfer receipts are inconsistent with the totals plaintiff described in the Complaint and its motion papers.

Upon receipt of this Order, plaintiff is hereby directed to serve a copy of this Order

promptly by certified mail, return receipt requested, on defendants at their last known addresses, and to provide the Court with copies of the return receipts.

SO ORDERED.

/s/
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
June 19, 2018

*U:\\#DJM 2017-2018\\Werco-INT v. Ocean Queens Int'l Inc. et al. 17-CV-0839 (DLI)\\Suppl. Briefing Order - FINAL.docx*